LIPP et al. v. GENOVESE.

(Supreme Court, Appellate Term. November 22, 1910.)

COURTS (§ 189*)—MUNICIPAL COURTS.

Under Municipal Court Act (Laws 1902, c. 580) § 39, where a verified complaint is not served, in order to warrant execution against the person, it must be indorsed on the summons, and on the copy served, that defendant is liable to arrest according to the claim of plaintiff, and the proof of service must show that the copy served bore such indorsement. A summons bore such indorsement, and the proof recited that the summons was served by delivering a true copy to defendant. Held, that an execution against the person of defendant was not authorized.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Walter J. Lipp and others against Andrew Sorgi Genovese. From a judgment for plaintiffs, they appeal. Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Abraham H. Sarasohn, for appellants.
Charles Novello, for respondent.

PER CURIAM. This action was brought to recover damages for fraud. The cause of action alleged was proved, and the court awarded judgment in favor of the plaintiffs, but refused to insert in the judgment a provision that "the defendant is subject to arrest and imprisonment," "so that execution against the person might issue." As a verified complaint was not served with the summons, it was necessary, in order to enable execution against the person to issue, that:

"A general reference to that effect must be indorsed by the clerk upon the summons and upon the copy to be served on the defendant in the following form: 'Plaintiff claims defendant is liable to arrest and imprisonment in this case.'" Section 39, Municipal Court Act (Laws 1902, c. 580).

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This section of the Municipal Court act also provides that:

"In the event of there being no such indorsement no execution against the person shall issue."

The original summons contains the indorsement required by the statute. The proof of service recites that:

"The within summons and complaint were served on the defendant by delivering to and leaving with him a true copy thereof, and at the same time showing the within original.".

It is now claimed, and the court below held, that this proof was insufficient to show that the copy of summons served on the defendant contained the indorsement required by the statute. The last clause of section 39 of the Municipal Court act reads as follows:

"The proof of service of such summons must show that the copy served on the defendant likewise had such indorsement upon it."

It is contended by appellants that since the affidavit of service recites that a true copy of the original summons was served, and as it appears that the original summons had the required indorsement, the requirement of the statute is complied with. But it is evident from the statute that the summons does not include the indorsement, and that the word "copy" (of the summons), therein referred to, is not understood to include the indorsement, because the statute expressly speaks of such indorsement upon the copy. While the defect in the affidavit of service may be highly technical, nevertheless it is directed to a point of substantial importance, and, since the statute is explicit in its requirement, we are bound to hold that the affidavit of service is insufficient.

Judgment affirmed, with costs.