(85 Misc. Rep. 59)

## COHEN v. BAUMAN.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

COURTS (§ 189*)—MUNICIPAL COURTS—PROCESS—AMENDMENT.

The original summons in an action for conversion had stamped on its face, "Plaintiff claims defendant is liable to arrest and imprisonment in this case," and an affidavit attached thereto stated that affiant served "the original summons and complaint" on defendant "by delivering to and leaving with him personally a true copy thereof," but did not specifically state that the copy of the original summons served had indorsed thereon, "Plaintiff claims defendant is liable to arrest and imprisonment in this case," as required by Municipal Court Act (Laws 1902, c. 580) § 39, in actions where execution may issue against the person, unless a verified complaint is served. No complaint was in fact served. *Held*, that there was no abuse of discretion in permitting plaintiff to file an additional affidavit of service in which affiant stated that the copies served contained the quoted words indorsed thereon, and in denying a motion to modify the judgment by striking such words therefrom on the ground that the original affidavit was not so indorsed, in view of Code Civ. Proc. § 723, requiring the court to disregard defects in pleadings, etc., not affecting the substantial rights of the adverse party, made applicable to proceedings in the Municipal Court by Municipal Court Act, § 20.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis Cohen against Joseph L. Bauman. From an order denying a motion modifying judgment by striking therefrom certain words, defendant appeals. Affirmed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Jacob Gordon, of New York City, for appellant.
Max Shlivek, of New York City, for respondent.

SEABURY, J. The action was for damages for conversion. The pleadings were oral. The original summons had plainly stamped upon the face thereof the words "Plaintiff claims defendant is liable to arrest and imprisonment in this case." The affidavit of one Davidson, attached to the original summons shows that the affiant served "the original summons and complaint" on the defendant therein named "by delivering to and leaving with him personally a true copy thereof." No complaint was in fact served. There is no specific allegation in the affidavit of service that the copy of the original summons served upon the defendant had indorsed thereon the statement that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"plaintiff claims defendant is liable to arrest and imprisonment in this case." The plaintiff submitted upon this motion another affidavit of service in which the process server swears that the copy served did in fact contain these words indorsed thereon. The court below permitted this additional affidavit to be filed, and denied the motion to modify the judgment.

Section 39 of the Municipal Court Act provides that in such an action as the present, unless a verified complaint is served with the summons—

"a general reference to that fact must be indorsed by the clerk upon the summons and upon the copy to be served on defendant in the following form: 'Plaintiff claims defendant is liable to arrest and imprisonment in this case.'"

Notwithstanding that the original affidavit of service alleged that a copy of the "within summons" was served on the defendant, and that the "within summons" had the necessary indorsement thereon, it is now claimed that because the original affidavit did not in words specifically declare that the copy served contained this indorsement, the judgment should be modified so as to strike from the judgment the provision that the defendant is liable to arrest. This claim is sustained in Lipp v. Genovese, 69 Misc. Rep. 357, 125 N. Y. Supp. 978, but that case presented a different situation from that raised upon this appeal. Here another affidavit of service was submitted which in all respects complied with the statute, and the statements contained in that affidavit are not controverted by the defendant. If the court below was authorized to permit this affidavit of service to be filed and to consider it upon the motion to modify the judgment, it follows that the order appealed from should be affirmed. The defect in the original affidavit of service was declared in Lipp v. Genovese, supra, to be "highly technical," and was such a defect as might be amended by the court below. Section 20, Mun. Ct. Act, and section 723 of the Code of Civ. Proc.

The fact that the defendant was served with a copy of the summons which bore the proper indorsement thereon clearly appears. In view of this circumstance, we think that the learned court below exercised its discretion wisely in permitting the additional affidavit of service to be filed, and that the order appealed from should be affirmed, with costs. All concur.