Dora Factrow, Plaintiff, *v.* Louis Rothbart, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, July 10, 1930.

*H. S. Budner*, for the plaintiff.

*M. R. Chase*, for the defendant.

Shalleck, J.   This is an action for fraud and deceit and the question of fraud and misrepresentation was submitted to the jury and a verdict rendered therein in favor of the plaintiff.

The summons and unverified complaint bore the indorsement, " Defendant is liable to arrest and imprisonment in this action," as provided in section 25 of the New York Municipal Court Code. The affidavit of service merely recites: " he served the within summons and complaint on Louis Rothbart, the defendant therein named by delivering to and leaving a true copy of each thereof with said defendant personally."

At the beginning of the trial plaintiff's counsel moved to amend the affidavit of service to include the words, " That the copy of the summons served upon the defendant personally contained the following indorsement: ' Defendant is liable to arrest and imprisonment in this action,' " upon which motion the court reserved decision.   After the verdict of the jury plaintiff moved for a body execution.

The question presented is whether the motion to amend the affidavit of service should be granted, and if granted whether a body execution could issue in view of the failure of the original affidavit of service to include the statutory clause, " Defendant is liable to arrest and imprisonment in this case."

During the trial defendant's attorney exhibited the copy summons which had been served upon the defendant and conceded that the words, " Defendant is liable to arrest and imprisonment in this action," were indorsed upon said summons, and that the said summons in his possession was an exact copy of the original summons filed with the clerk of the court bearing the indorsement: " Defendant is liable to arrest and imprisonment in this action."

Defendant contends that a body execution will not lie and relies upon the case of *Lipp* v. *Genovese* (69 Misc. 357). That case, however, presented a different situation from that raised on this trial. Here a motion was made at the beginning of the trial; a concession was made by the defendant's attorney that the summons received by the defendant bore the proper indorsement; and a supplemental affidavit was filed with the court to cure the ' highly technical " defect, if any.

Plaintiff's motion to insert in the judgment a provision " That the defendant is subject to arrest and imprisonment so that execution against the person of the defendant might issue," is granted. (See *Cohen* v. *Bauman*, 85 Misc. 59.)

Five days' stay of execution.